**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP
80 Main Street, Suite 460
West Orange, NJ 07052
(973) 325-8800
File No.: 03-019403-B02
Douglas McDonough, Esq.
Attorney ID: DM0973
DMcDonough@flwlaw.com
Attorney for MEB Loan Trust IV, Secured Creditor

Case No.: **23-11353-JKS**

Chapter 13

Judge: John K. Sherwood

In Re:

**Rudolf Heinz Hendel and Catherine Gel-Inn Lin-Hendel,**

Debtor(s).

---

**NOTICE OF OBJECTION TO CONFIRMATION OF**
**CHAPTER 13 PLAN**

MEB Loan Trust IV (the "Secured Creditor") which holds a mortgage lien on the real property located at 26 Ridge Rd, Summit, NJ 07901 (the "Property") hereby objects to the proposed plan filed in the above referenced Chapter 13 due to the following reasons:

1. Pursuant to 11 U.S.C. § 1325(a)(5) the court shall confirm a plan only if at least one of three conditions relating to secured claims are met.

   a. The Secured Creditor does not accept the proposed plan, pursuant to 11 U.S.C. § 1325(a)(5)(A).

   b. The plan does not cure all the pre-petition arrears due and owing Secured Creditor, in violation of 11 U.S.C. § 1325(a)(5)(B)(ii).

   c. The Plan does not call for the surrendering of the Property securing the Secured Creditor's claim, pursuant to 11 U.S.C. § 1325(a)(5)(C).

2. Absent the proposed Plan being modified to satisfy at least one of the above itemized conditions, this Plan should not be confirmed.

3. The proposed Plan in Part 4.d. indicates the Secured Creditor's Claim will be modified by Cram Down, Strip off, or other means. The Plan also includes a Motion to reclassify the Secured Creditor's Claim in Part 7 of the Plan.

   a. The Secured Creditor's Claim is a claim secured only by a security interest in real property that was/is the principal residence of the Debtor(s), and thus cannot be reclassified pursuant to 11 U.S.C. § 1322(b)(2).

   b. Further, Pursuant to D.N.J. LBR 3015-1, the Plan and local form "Notice of Chapter 13 Plan Transmittal" had to be served on the Secured Creditor not less than 28 days before the Confirmation hearing. The Court's Docket does not reflect this as having been done.

      i. The Debtors have failed to file at least one of the following documents or pleadings:

         1. A certification of service for the Plan.

         2. A Notice of Chapter 13 Plan Transmittal.

         3. A valuation for the Property.

   c. The Motion to reclassify Secured Creditor's Claim should be denied for lack of service and the Debtor(s) should be required to serve the Motion separately.

   d. The provision calling for the reclassification of Secured Creditor's Claim is partially dependent on the value of the Property. Secured

        Creditor respectfully requests a valuation hearing be scheduled to determine the value.

4. The proposed Plan, in Part 4.a., is silent as to any arrears owed to Secured Creditor. However, Secured Creditor estimates its prepetition arrears at $2,486,904.41.[1] The proposed Plan fails to provide for distribution to Secured Creditor in an amount equal to the allowed amount of Secured Creditor's Claim as required by 11 U.S.C. § 1325(a)(5)(B)(ii).

   a. If the Plan is to account for the full amount of Secured Creditor's pre-petition arrears, it calls into question the feasibility of making the increased Plan payments over the life of the Plan.

   b. Schedules I and J of the petition should show the ability to support the higher payments or the Court should not confirm the Plan.

   c. The Secured Creditor objects to the provision(s) in the Plan in Part 10:1. Which indicates Secured Creditor's claim is considered "fraudulent".

      i. Debtors have failed to submit any admissible objective evidence to support this accusation.

Based on the above, the Secured Creditor objects to confirmation of the proposed Plan unless the provisions in the Plan are modified to address the above itemized objections.

---

[1] If there is any discrepancy between the arrears amount listed in this Objection, and the arrears amount listed in Secured Creditor's proof of claim, the proof of claim should control. A significant percentage of this figure relates to an escrow advance made to bid at the sheriff sale of the Subject Property.

Secured Creditor further joins in any objection raised by the Chapter 13 Standing Trustee.

**FRENKEL LAMBERT WEISS
WEISMAN & GORDON, LLP**
Attorneys for Secured Creditor

Dated: May 15, 2023

/s/ *Douglas McDonough*
Douglas McDonough. Esq.